IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TYRON MCFADDEN | : | No. 15-376-01 |

**MEMORANDUM**

PRATTER, J.                                                                                                    APRIL 28th, 2023

Tyron McFadden seeks compassionate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); alternatively, he requests a judicial recommendation to the Attorney General and the Bureau of Prisons ("BOP") to transfer him to home confinement under 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). But Mr. McFadden's concerns about the BOP's COVID-19 mitigation efforts do not constitute an extraordinary and compelling reason for release, nor do they warrant a judicial recommendation that he be transferred to home confinement. Therefore, the Court denies both requests.

### BACKGROUND

**I.     Mr. McFadden's Criminal Conduct**

Mr. McFadden was the leader of a large-scale drug trafficking conspiracy that operated from 2009 to 2015. He oversaw the organization, even while he was incarcerated on other charges, and was responsible for the distribution of significant quantities of cocaine and marijuana. With the help of three of his family members, also codefendants, Mr. McFadden organized and paid various drug and money couriers to transport money and drugs between Philadelphia and California. In the course of this conspiracy, Mr. McFadden laundered over one million dollars through various bank accounts.

1

Mr. McFadden was indicted and plead guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A); four counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; two counts of distribution of a controlled substance and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) ant 18 U.S.C. § 2; and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). This Court sentenced Mr. McFadden to 276 months incarceration, 10 years supervised release, a $2,400.00 fine, and an $800.00 special assessment. He is currently serving his sentence at FCI Ray Brook in New York.

## II. The Bureau of Prisons' Response to the COVID-19 Pandemic

The BOP has taken many measures to "mitigate the spread of COVID-19 in [its] facilities" and to protect the health of inmates. *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited April 28, 2023). The BOP permits almost no outside visitors, limits inmate movement within the prison, requires inmates and staff to wear masks, and screens all staff daily for symptoms. If an inmate tests positive, the BOP immediately quarantines that inmate and tests and quarantines all contacts. The BOP has also put thousands of eligible prisoners—the elderly, the terminally ill, and those who have almost finished their sentences—in home confinement. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g); Pub. L. No. 116-136 § 12003(b)(2).

The BOP has offered vaccines to its staff members and inmates. So far, over 175 inmates at FCI Ray Brook have recovered from COVID-19, and none have died. *COVID-19 Cases*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited April 28, 2023). FCI Ray Brook currently has no positive inmates or staff. *Id.*

## LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). But a court can reduce a sentence for "extraordinary and compelling reasons," including a prisoner's medical condition. 18 U.S.C. § 3582(c)(1)(A)(i). For a non-terminal illness, the court must find that the prisoner has "a serious physical or medical condition . . . from which he . . . is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[1]

## DISCUSSION

### I. Compassionate Release

Mr. McFadden asserts as a basis for compassionate release that the COVID-19 mitigation procedures employed by the BOP, including quarantining and isolating inmates, are analogous to imposing solitary confinement on him and other inmates. But even "harsh conditions of confinement created by the coronavirus pandemic" do not constitute an extraordinary and compelling reason for compassionate release where those conditions "apply to all inmates." *United States v. Hernandez*, No. 13-cr-200, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see also United States v. Everett*, No. 12-cr-162, 2021 WL 322182, at *2-*3 (W.D. Pa. Feb. 1, 2021) (COVID-19 mitigation conditions did not warrant compassionate release where "[e]very prisoner in the facility and other BOP facilities is subject to [ ] similar conditions"). Because Mr. McFadden

---

[1] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

3

has not identified anything about the BOP's conditions that is particular to himself, they do not present an extraordinary and compelling reason for his release.[2]

## II. Home Confinement Recommendation

Mr. McFadden also requests that the Court make a judicial "recommendation" to the Attorney General and the BOP that he be transferred to home confinement under 18 U.S.C. § 3621. As that statute makes clear, the "designation of a place of imprisonment," including transfer to home confinement, is at the sole discretion of the BOP, and "is not reviewable by any court." 18 U.S.C. § 3621(b); *see also, e.g., United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021). Nonetheless, the Court has authority to issue a non-binding recommendation to the BOP. *See* 18 U.S.C. § 3621(b)(4)(B) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Kraynak*, No. 17-cr-188, 2021 WL 65990, at *2-*3 (M.D. Pa. Jan. 7, 2021).

A recommendation to the BOP, while non-binding, carries persuasive weight. Indeed, "the BOP routinely relies on judicial recommendations that express the district judge's determination of how a defendant should serve his time." *United States v. Doshi*, No. 13-cr-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020). Courts must therefore be circumspect when deciding whether to "intrude upon matters committed to the discretion of the [BOP]." *United States v. Harper*, No. 19-cr-190-7, 2021 WL 5239970, at *2 (W.D. Pa. Nov. 9, 2021). In evaluating a request for a judicial recommendation, courts consider both the facts of the defendant's underlying

---

[2] To the extent that Mr. McFadden argues that the BOP's mitigation efforts are so severe as to increase his punishment beyond that contemplated by the sentencing court, *see United States v. Mcrae*, 17-cr-643, 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021) (expressing the view that "a day spent in prison under extreme lockdown . . . exacts a price on a prisoner beyond that imposed by an ordinary day in prison), a motion for compassionate release is not the proper avenue. Challenges to the duration or execution of a sentence are appropriately challenged via a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

conviction,[3] and the reasons proffered by the defendant for the requested change to their confinement.[4]

The Court previously assessed Mr. McFadden's personal characteristics and criminal history at sentencing, and he has offered no evidence to suggest that the Court should view those factors any differently now. And as discussed above, the BOP's mitigation efforts, applicable to all inmates, does not constitute a basis for this court to issue a recommendation to the BOP that he be transferred to home confinement. The Court therefore denies this motion.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. McFadden's motion for compassionate release and his request for a judicial recommendation that he be transferred to home confinement. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] Though not binding, the various sentencing factors set forth under 18 U.S.C. § 3553(a) may be relevant to this determination. *See, e.g., United States v. Duford*, 471 F. Supp.3d 458, 463-64 (D.N.H. 2020) (assessing the defendant's criminal history, danger posed to the community, and personal characteristics both before and during her sentence).

[4] The standard for issuing a judicial recommendation is necessarily lower than the "extraordinary and compelling reason" required for compassionate release. Nonetheless, a court may consider similar concerns, such as health conditions, when deciding whether to issue a recommendation, even if these conditions would be insufficient to grant compassionate release. *See, e.g., Duford*, 471 F.Supp.3d at 464.

5